## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

LAMAR DORSEY,

     Plaintiff,

v.           CIVIL ACTION NO.  2:21-cv-00222

SGT. BOLEN, et al.,

     Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's ("WVDOC") Motion to Dismiss.  (ECF No. 10.)  For the reasons more fully explained below, WVDOC's motion is **GRANTED**.

### I. BACKGROUND

This action arises out of an alleged use of force involving the Plaintiff who was, at the time of the incident, an inmate at the Mount Olive Correctional Complex.  The allegations in this action are rather straightforward.  Plaintiff Lamar Dorsey ("Plaintiff") alleges that on or about April 24, 2019, he and Defendants Sergeant John Bolen ("Bolen") and an as-yet unnamed correctional officer ("John Doe") (collectively, the "Defendant Officers") were involved in a verbal argument over Plaintiff being denied recreation time and being subjected to a strip search. (ECF No. 3 at ¶ 8.)  Plaintiff then requested to speak to a supervisor and laid down on the floor. (*Id.*)  Plaintiff alleges that in response to his request, the Defendant Officers "lifted plaintiff off the ground and slammed his head into the floor multiple times."  (*Id.*)  Plaintiff alleges that he

required multiple stitches to "close the wound to his head and eye area." (*Id.*)  Plaintiff further

asserts that he suffered "severe pain" and "headaches" following this incident.  (*Id.*)  Plaintiff

avers that he was not a threat to the Defendant Officers, state property, or himself.  (*Id.*)  Finally,

Plaintiff alleges that the Defendant Officers made physical threats against him, as well as made

"demeaning comments to plaintiff about being gay[.]" (*Id.*)

Plaintiff filed his complaint in this Court on April 13, 2021.  (ECF No. 1.)  Then, before

any summons was issued or answer filed, Plaintiff filed an amended complaint on June 2, 2021.

(ECF No. 3.)  His Amended Complaint asserts three causes of action.  Count I asserts a cause of

action against the Defendant Officers pursuant to 42 U.S.C. § 1983.[1]  (*Id.* at 3.)  Count II asserts

a cause of action, presumably against the Defendant Officers,[2] for outrageous conduct.  (*Id.* at 4.)

Finally, Count III asserts a claim of vicarious liability against WVDOC.  (*Id.* at 4–5.)

Defendant WVDOC filed the instant motion to dismiss on July 2, 2021.  (ECF No. 10.)

Plaintiff timely filed his response in opposition on July 14, 2021.  (ECF No. 12.)  WVDOC did

not file a reply.  The briefing on this motion is therefore complete, and the motion is ripe for

adjudication.

## II.   LEGAL STANDARD

A pleading must include "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of*

---

[1] Plaintiff concedes in his Response to the instant motion that he is not suing WVDOC pursuant to § 1983.  (*See* ECF No. 12 at 3, n.1.)  Yet, in the same breath, Plaintiff argues that WVDOC is "vicariously liable" for the Defendant Officers' "unconstitutional . . . conduct."  (*Id.*)  As will be explained more fully below, this latter theory of liability is simply incompatible with suits brought pursuant to 42 U.S.C. § 1983.

[2] Despite naming three separate defendants in the Amended Complaint, Plaintiff does not identify which defendant he is asserting Count II against and instead only asserts the claim against a singular "Defendant."  (ECF No. 3 at 4.) The Court construes Count II as being asserted against the Defendant Officers, as Plaintiff has not alleged a factual basis for asserting this claim against WVDOC.

2

*Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"  *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  This Court then "assume[s] the[ ] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense."  *Id.*  "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must

3

contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

## III.   DISCUSSION

WVDOC advances several arguments for its dismissal from this action.  First, WVDOC argues that Plaintiff cannot assert a claim under § 1983 against it because it is not a "person" as defined by the statute and, as a result, cannot be held directly or vicariously liable. (ECF No. 11 at 4–5.)  Further, WVDOC argues that it cannot be held vicariously liable for the intentional act of its employees.  (*Id.* at 6.)  Finally, WVDOC argues that dismissal is warranted because it is entitled to qualified immunity on Plaintiff's state law claims.  (*Id.* at 6–7.)  WVDOC has filed the instant motion only on its own behalf; Defendants Bolen and John Doe have not moved the Court for dismissal.  The Court shall take up these arguments in turn.

### A.   Whether WVDOC is Considered a "Person" Pursuant to 42 U.S.C. § 1983

WVDOC first argues for the dismissal of Plaintiff's § 1983 claim against it because WVDOC, as an arm of the State of West Virginia, is not "a person subject to suit under 42 U.S.C. § 1983." (*Id.* at 5.)  WVDOC argues that Plaintiff is "attempting to advance a vicarious liability claim" against it for the acts allegedly committed by the Defendant Officers.  (*Id.* at 4–5.)  However, because Plaintiff does not have a cause of action directly under the United States Constitution, such a claim must utilize § 1983, under which WVDOC is not a "person." (*Id.* at 5.)  Therefore, WVDOC argues it is entitled to the dismissal of this claim.  (*Id.* at 5–6.)

Plaintiff does not address the merits of WVDOC's argument.[3]  Instead, and as noted above, Plaintiff has conceded that he is not advancing a claim against WVDOC pursuant to § 1983.  He then argues, however, that WVDOC "is vicariously liable for unconstitutional and outrageous conduct carried out by an employee (Bolen) during the scope of his employment." (ECF No. 12 at 4, n.1.)  Therefore, it would appear that instead of Plaintiff bringing a § 1983 claim directly against WVDOC, he is attempting to claim that WVDOC is vicariously liable for the § 1983 claim.  Either way, Plaintiff's argument fails.

Section 1983 establishes that any "person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]"  The purpose of this statute "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted).  To state a claim for relief brought pursuant to § 1983, a plaintiff must show that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

---

[3] Typically, a plaintiff's failure to respond to an argument is treated as an abandonment of the claim and waiver of that argument.  *See Brevard v. Racing Corp. of West Virginia*, Civ. Action No. 2:19-cv-00578, 2020 WL 1860713, at *8; *Taylor v. Clay Cnty. Sheriff's Dept., et al.*, Civ. Action No. 2:19-cv-00387, 2020 WL 890247, at *2 (finding the plaintiff abandoned their claims because they failed to address the defendants' arguments); *Blankenship*, Civ. Action No. 2:16-cv-12082, 2018 WL 3581092, at *9 ("The failure to respond to arguments raised in a motion ... can indicate that the non-moving party concedes the point or abandons the claim.")  However, given Plaintiff's rather contradictory stance on the existence of this claim, the Court shall proceed with the analysis.

Importantly, a state is not considered a person within the scope of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66. The holding in *Will* extends not only to actions against the state itself, but also to lawsuits against "public entities and political subdivisions" that are an "arm or alter ego" of the state. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Moor v. Alameda County,* 411 U.S. 693, 717 (1973)). Here, there is no question that WVDOC is considered "an arm of the State of West Virginia," and the parties have not argued otherwise. *See Rakes v. Rush*, Civ. Action No. 2:09-018, 2009 WL 2392097, at *7 (S.D. W. Va. Aug. 4, 2009). *See also Green v. Rubenstein*, 644 F.Supp.2d 723, 738 (S.D. W. Va. 2009) ("The State and its agencies such as the Division of Corrections are not 'persons' amenable to suit under Section 1983 for damages."); *Mitchell v. Janice*, Civil Action No. 1:07-0625, 2009 WL 4666010, *1, n.3 (S.D. W. Va. 2009) ("[T]he West Virginia Department of Corrections is not a 'person' as required by Section 1983"); *Berry v. Rubenstein*, No. 01:07–cv–535, 2008 WL 1899907, at *2 (S.D.W. Va. April 25, 2008) (same). Because WVDOC is considered an arm of the state, it cannot be a "person" pursuant to § 1983, and therefore the § 1983 claim against it fails.

Plaintiff's assertion of vicarious liability on this claim fares no better. The Supreme Court of the United States has long held that a municipality cannot be held liable under § 1983 under a theory of *respondeat superior. Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Simply employing a tortfeasor is not enough to establish liability: Instead, a plaintiff must show that the deprivation of his constitutional rights was pursuant to an official

6

policy.  *Id.* at 692.  In other words, the plaintiff must demonstrate that the municipality itself directly caused the constitutional injury.  *Id.   See also Russell v. Town of Chesapeake*, 817 F.Supp. 38, 40, n.2 (S.D. W. Va. 1993) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.  Liability under § 1983 will not attach under the doctrines of *respondeat superior* or vicarious liability.")

The above principle is important for two reasons.  First, and as was already established, the WVDOC is not a person pursuant to § 1983, unlike municipalities which can be sued pursuant to the Supreme Court's decision in *Monell*.  On that basis alone, vicarious liability cannot attach.  *Northcraft v. West Virginia Division of Corrections and Rehabilitation*, Civ. Action No. 2:20-cv-00100, 2021 WL 2366936, at *6 (S.D. W. Va. June 9, 2021) ("Moreover, there is no *respondeat superior* liability for state agencies based on claims against its officers under 42 U.S.C. § 1983.")  But second, even if the Court were to assume that WVDOC was a person and therefore able to be sued in a § 1983 action, Plaintiff would have to show that the deprivation of his constitutional rights occurred pursuant to an official policy.  *See Monell*, 436 U.S. at 692.  In fact, he has done the exact opposite.

In his Amended Complaint, Plaintiff alleges that "[WVDOC] is vicariously liable for the conduct of defendant Bolen *for his failure to follow* [*WVDOC*] *Policy and Procedures 303 and 312*[.]"  (ECF No. 3 at ¶ 20 (emphasis added).)  In that very same paragraph, he alleges that WVDOC is again vicariously liable for its "employee's failure to follow the policies and procedures."  (*Id.*)  Therefore, instead of alleging that his injury stemmed directly from WVDOC's official policies, Plaintiff has alleged that the Defendant Officers *failed* to follow its policies, thereby leading to the deprivation of his rights.  In other words, Plaintiff has implicitly

alleged that WVDOC's policies, if followed, would have prevented the deprivation of his rights and that his injury did not occur pursuant to an official policy or custom. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation.") His § 1983 claim against WVDOC fails in either instance.

For purposes of this motion, however, the Court finds that the WVDOC is not a "person" as contemplated by 42 U.S.C. § 1983 and is therefore incapable of being sued pursuant to the statute. Furthermore, and as explained above, vicarious liability on a § 1983 claim cannot attach to a state agency. Therefore, for the foregoing reasons, the Court **GRANTS** WVDOC's motion as to Plaintiff's vicarious liability claim pursuant to § 1983.

### B. *Vicarious Liability for Outrageous Conduct*

WVDOC next argues for the dismissal of Plaintiff's vicarious liability claim as it relates to the outrageous conduct claim asserted against the Defendant Officers. (ECF No. 11 at 6.) In support of this argument, WVDOC asserts that Plaintiff has failed to allege any facts that would demonstrate it is vicariously liable for the officers' conduct. (*Id.*) In particular, it argues that the officers' actions, as alleged, would constitute an "intentional act outside the scope of their employment." (*Id.*)

Plaintiff again does not directly respond to WVDOC's argument.[4] Instead, Plaintiff argues that WVDOC is vicariously liable for "the wrongful acts of its employees committed within the scope of the employee's employment." (ECF No. 12 at 3.) However, Plaintiff asserts this argument in support of his overarching argument that WVDOC is not entitled to qualified

---

[4] On this note, neither party to this action has set the standard for exemplary briefing. WVDOC dedicated a mere four sentences to this argument, while Plaintiff appears to have ignored it in its entirety. This has left the legal issues and arguments markedly underdeveloped to the detriment of both parties.

immunity, rather than addressing the issue of whether this makes WVDOC liable for its employees' alleged actions. (*Id.* at 3–5.) Because the Defendant Officers' alleged actions were not within the scope of their employment, Plaintiff's argument ultimately fails.

For an employer to be vicariously liable for the acts of an employee, the acts must have been committed within the scope of the employment or within the employee's authority.[5] *W. Va. Reg'l Jail & Corr. Facility Auth.* v. A.B., 766 S.E.2d 751, 768 (W. Va. 2014). Factors relevant to this inquiry include whether the conduct is "1) of the kind he is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and; 4) if force is used, the use of force is not unexpectable by the master." *Id.* at 769 (quoting Restatement (Second) of Agency § 228 (1958) (emphasis omitted)). While this determination is ordinarily a question of fact, it becomes a question of law when "the facts are undisputed and no conflicting inferences are possible." *Id.* at 768 (quoting *Mary M. v. City of Los Angeles*, 814 P.2d 1341, 1347 (Cal. 1991)). *See also Doe v. Sipper*, 821 F.Supp.2d 384, 388 (D.D.C. 2011) ("Scope of employment is ordinarily a question for the jury, but it 'becomes a question of law for the court . . . if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of the employment.'")

Here, Plaintiff has alleged that he and Bolen "had a verbal argument" over Plaintiff's denial of recreation and Bolen's conducting of a strip search. (ECF No. 3 at ¶ 8.) Plaintiff alleges that he "requested a supervisor to address the dispute and laid on the floor." (*Id.*) Plaintiff then alleges that the Defendant Officers then "lifted plaintiff off the ground and

---

[5] Because WVDOC is a state agency, Plaintiff would also have to show that the agency is not entitled to qualified immunity for these acts. Syl. Pt. 11, *A.B.*, 766 S.E.2d at 756. However, because the Court finds that the complained-of acts were not committed within the scope of employment, the Court need not address the issue of qualified immunity.

slammed his head into the floor multiple times," which required "multiple stitches to close the wound to his head and eye area." (*Id.*)  Finally, Plaintiff alleges that the Defendant Officers made "demeaning comments" about Plaintiff "being gay" and made physical threats. (*Id.*)

Courts have consistently and repeatedly found that conduct similar to that alleged here are intentional tortious acts that "do not fall within the scope of employment." *See Holcomb v. W. Va. Div. of Corr. and Rehabilitation*, Civ. Action No. 2:20-cv-00767, 2021 WL 4429198, at *2 (S.D. W. Va. Sep. 27, 2021) (deployment of chemical agent, slamming inmate to floor, and punching inmate found to be intentional acts not attributable to agency); *Hughes v. White*, No. 2:20-cv-00730, 2020 WL 7753104, at *3 (S.D. W. Va. Dec. 29, 2020) ("slamming" inmate to the wall and ground found to be intentional and could not serve the purposes of the agency); *Hamilton v. Hill*, No. 2:20-cv-00368, 2020 WL 3472420, at *2 (S.D. W. Va. June 25, 2020) (battery of inmate through alleged unlawful use of pepper spray an intentional act outside the scope of employment).  What Plaintiff has alleged is an intentional tortious act, one that is not of the sort Bolen is employed to perform, cannot serve any justifiable purpose of the WVDOC, and is unexpectable by WVDOC.  Plaintiff's allegations that this act was committed within the scope of employment is a legal conclusion, which the Court cannot and does not accept at this stage, and one that cannot save the dismissal of this claim.  *Cf. Rhodes v. King*, Civ. Action No. 2:19-cv-00626, 2020 WL 4607323, at *3–*4 (S.D. W. Va. Aug. 11, 2020).

Therefore, the Court **GRANTS** WVDOC's motion as to the vicarious liability claim as it pertains to Plaintiff's claim of outrage.  Count III is therefore **DISMISSED**.[6]  Because the only claim asserted against WVDOC was the vicarious liability claim, WVDOC is hereby

---

[6] As noted above, because the Court finds that the alleged actions of the Defendant Officers were not committed within the scope of their employment, there is no need to entertain WVDOC's final argument that it is entitled to qualified immunity.  Therefore, the Court declines to take up the issue of qualified immunity.

**DISMISSED** from this action.

*IV.    CONCLUSION*

For the reasons more fully explained above, Defendant WVDOC's Motion to Dismiss, (ECF No. 10), is **GRANTED**.   WVDOC is therefore **DISMISSED** from this action **WITH PREJUDICE**.

**IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        October 27, 2021

_____

THOMAS E. JOHNSTON, CHIEF JUDGE